[File No. 6824]

THE STATE OF NORTH DAKOTA EX REL. ALVIN C. STRUTZ, Attorney General, Respondent, v. BERTA E. BAKER, as State Auditor for the State of North Dakota, and John Moses, Governor of the State of North Dakota; Berta E. Baker, State Auditor; Carl Anderson, State Treasurer; Herman Thorson, Secretary of State; John Graham, State Examiner, Constituting the State Auditing Board of the State of North Dakota, Appellants.

(3 NW(2d) 802)

Opinion filed May 6, 1942

*George F. Shafer,* for appellants.

*Alvin C. Strutz,* Attorney General, and *P. O. Sathre,* Assistant Attorney General, for respondent.

CHRISTIANSON, J. This is a mandamus proceeding brought by the state on the relation of the attorney general to compel the state auditor to issue and deliver warrants for moneys claimed to be due to the several school districts of the state under the State Equalization Fund Law of 1939. Laws 1939, chap. 209, § 9. In the petition for the writ it is alleged that the State Superintendent of Public Instruction on August 5th, 1941, did certify to the state auditor payments to be made, under the 1939 State Equalization Fund Law, to the several school districts in the state on a per pupil basis; and that the state auditor refuses to issue and deliver such warrants, although it is her duty to do so. The respondents interposed a demurrer to the petition and moved to quash the alternative writ on the ground that the petition did not state sufficient facts to constitute a cause of action or entitle the petitioner to the relief demanded. The trial court overruled the demurrer and denied the motion to quash. Thereupon certain facts were stipulated and the trial court made findings in favor of the petitioner and directed a peremptory writ of mandamus to issue commanding the defendant state auditor to issue and deliver warrants against the State Equalization Fund to the several school districts as prayed for in the application. The respondents have appealed.

The case before us presents only questions of law. There is no dispute as to the facts.

In 1933 the Legislative Assembly provided for state aid to the common schools in the state. To accomplish that purpose it established a State Equalization Fund (Laws 1933, chap. 229), and appropriated $200,000 for such fund (Laws 1933, chap. 62).

In 1935 the Legislative Assembly enacted another measure providing for a State Equalization Fund. Laws 1935, chap. 260. The measure repealed chapter 229, Laws 1933, but provided that all moneys in the State Equalization Fund as created by that chapter, should be transferred and become a part of the State Equalization Fund established by chapter 260, Laws 1935. ....  .. .....

The 1935 Legislative Assembly also enacted a law providing for a

retail sales tax. Laws 1935, chap. 276. It imposed a tax of 2 per cent on gross receipts from sales of tangible personal property for a two-year period beginning May 1st, 1935, and ending May 1st, 1937. It provided that all moneys received thereunder should be credited by the state treasurer to a special fund to be known as "The Retail Sales Tax Fund." Id. § 25. The act provided there should be transferred from "The Retail Sales Tax Fund" to the State Equalization Fund the sum of $700,000 for the year 1935 and the sum of $1,950,000 for the year 1936. Id. § 25. In 1937 the Legislative Assembly enacted another measure providing for a state equalization fund. Laws 1937, chap. 227. This measure repealed chap. 260, Laws 1935, but provided that "all moneys now in the State Equalization Fund as it was created by chap. 229 of the Laws of 1933 and chapter 260 of the Laws of 1935," should be transferred to and become a part of the State Equalization Fund, established by chapter 227, Laws 1937.

The 1937 Legislative Assembly also enacted a Retail Sales Tax Act which provided for a retail sales tax for a period beginning May 1, 1937, and ending June 30, 1939. Laws 1937, chap. 249. This act, like the former act (Laws 1935, chap. 276), provided that "all moneys collected or received" thereunder should "be credited by the state treasurer into a special fund known as 'The Retail Sales Tax Fund' " (§ 25), and it authorized "The State Board of Equalization" between the effective date of said chapter 249, Laws 1937, and "June 30th, 1939, to transfer from said 'Retail Sales Tax Fund' to the 'State Equalization Fund' the sum of not to exceed $3,500,000, to be expended for any and all of the objects and purposes prescribed, authorized, permitted and required by law." (§ 25.)

In 1939 the Legislative Assembly enacted a new measure providing for a state equalization fund. Laws 1939, chap. 209. Section 1 of that measure reads as follows: "There is hereby created a fund to be known as the State Equalization Fund. The State Treasurer shall credit to such fund all sums appropriated by the legislature for that purpose from any source of income whatever, and in case of direct biennial appropriations, the State Treasurer shall apply one-half of the total appropriation of the biennium to each year thereof, and the amount so applied for each year, plus all accumulations from other sources, shall be construed to (be) the amount available in such fund for the

current year. All monies now in the State Equalization Fund as it was created by chapter 227 of the Laws of 1937, are hereby transferred to and shall become a part of the State Equalization Fund as hereby re-created."

Chapter 209, Laws 1939, provided for aid for the following purposes or on the following bases: (1) High school correspondence work; (2) vocational education; (3) emergency fund; (4) nonresident high school tuition; (5) teacher-unit payment; and, (6) per pupil payment. The 1939 Legislative Assembly enacted a companion measure (Laws 1939, chap. 29) to said chapter 209, which reads as follows:

"There is hereby appropriated out of any monies in the State Treasury, not otherwise appropriated, the sum of $4,510,000.00 or so much thereof as may be necessary to make the payments provided for under the State Equalization Fund Law as provided for in Senate Bill No. 237 as passed by the 1939 Session of the Legislature for the biennium beginning July 1, 1939, and ending June 30, 1941, provided, however, that payments authorized for the school year ending on or about June 1, 1941, may be made from this fund up to October 1, 1941, to-wit:

| | | |
|---|---|---:|
| (1) | High school correspondence work .............. | $ 100,000.00 |
| (2) | Vocational education ...................... | 40,000.00 |
| (3) | Emergency fund ........................... | 500,000.00 |
| (4) | Non-resident high school tuition .............. | 1,100,000.00 |
| (5) | Teacher unit payment ...................... | 1,770,000.00 |
| (6) | Per pupil payment ........................ | 1,000,000.00 |
| | | $4,510,000.00" |

The 1939 Legislative Assembly also enacted a retail sales tax measure which provided for a retail sales tax for a period beginning July 1st, 1939, and ending June 30th, 1941. Laws 1939, chap. 234. This measure changed the method of allocation of revenues received under the Sales Tax Act that formerly had prevailed, and provided: "All monies collected and received under this act shall be paid into the State Treasury and shall be credited by the State Treasurer into a special fund to be known as 'The Retail Sales Tax Fund.' Out of this fund the State Treasurer shall first provide for the payment of refunds allowed under this act. The net amount of monies remaining in said

'Retail Sales Tax Fund' shall be covered in and transferred to the General Fund of the State of North Dakota." Laws 1939, chap. 234, § 2, amending Laws 1937, chap. 249, § 25.

Thereafter chapter 29 of the Laws of 1939 was amended and re-enacted, pursuant to initiative petition, at an election held June 25th, 1940, to read as follows:

"There is hereby appropriated out of any monies in the State Treasury, not otherwise appropriated, the sum of $4,510,000.00, or so much thereof as may be necessary to make the payments provided for under the State Equalization Fund Law as provided for in Senate Bill No. 237 as passed by the 1939 Session of the Legislature, or as may be amended, for the biennium beginning July 1, 1939 and ending June 30, 1941, provided, however, that payments authorized for the school year ending on or about June 1, 1941, may be made from this fund up to October 1, 1941, to-wit:

"(1) High school correspondence work ............ $ 100,000.00
(2) Vocation education ........................ 40,000.00
(3) Emergency fund .......................... 1,000,000.00
(4) Non-resident high school tuition ........... 1,100,000.00
(5) Teacher unit payment ..................... 1,770,000.00
(6) Per pupil payment ....................... 500,000.00"
Laws 1941, chap. 310.

At the same election the provisions of chapter 234, Laws 1939, providing for allocation of revenues under the Retail Sales Tax Act were amended and re-enacted, pursuant to initiative petition, to read as follows:

"All monies collected and received under this Act shall be paid into the State Treasury and shall be credited by the State Treasurer into a special fund to be known as 'The Retail Sales Tax Fund.' Out of this fund the State Treasurer shall first provide for the payments of refunds allowed under this Act. That the net amount of monies remaining in said 'Retail Sales Tax Fund' shall be and shall constitute a special trust fund to be used and disbursed solely for the following purposes:

"1. That seven-twelfths (7/12) of said trust fund shall be used and disbursed solely in paying disbursements authorized by chapter 29 of

the Session Laws of North Dakota for 1939, pursuant to chapter 209 of the Session Laws of North Dakota for 1939, or as said acts may be amended. That the remainder of five-twelfths (5/12) of said trust fund shall be used and disbursed solely in paying disbursements authorized by chapters 80, 83, and 84 of the Session Laws of North Dakota for 1939, or acts amendatory thereto. (These latter chapters appropriated moneys for General Relief, Old Age Assistance, and Aid to Needy Blind and Dependent Children.)

"2. That the State Treasurer and State Auditor are hereby authorized and directed to make monthly transfers of all the amounts available in said trust fund, in the proportions as herein provided, to the State Equalization and State Public Welfare Funds.

"Section 2. INTENT. That it is the intent of this Act that it shall not be construed to operate as a repeal of any of the appropriations made or authorized by chapters 29, 80, 83 and 84 of the Session Laws of North Dakota for 1939." Laws 1941, chap. 309.

These initiative measures became effective on July 25th, 1940. ND Const. § 25, as amended.

The Legislative Assembly which convened in January, 1941, enacted a statute (Laws 1941, chap. 35), whereby chapter 29, Laws 1939, as amended by the Initiative Measure of June 25th, 1940, was amended and re-enacted to read as follows:

"Sec. 1. There is hereby appropriated out of any monies in the State Treasury, not otherwise appropriated, the sum of $4,510,000.00 or so much thereof as may be necessary to make the payments provided for under the State Equalization Fund Law as provided for in Senate Bill No. 237 as passed by the 1939 Session of the Legislature for the biennium beginning July 1, 1939, and ending June 30, 1941 provided, however, that payments authorized for the school year ending on or about June 1, 1941, may be made from this fund up to October 1, 1941, to-wit:

"(1) High school correspondence work ............. $ 100,000.00
(2) Vocational education ..................... 40,000.00
(3) Emergency fund ......................... 1,000,000.00
(4) Non-resident high school tuition .............. 1,200,000.00
(5) Teacher unit payment ..................... 1,670,000.00
(6) Per pupil payment ....................... 500,000.00

$4,510,000.00

"Sec. 2. Since it now appears that the appropriation of 1939 for non-resident high school tuition was insufficient and that the appropriation of 1939 for teacher unit payment was for more than actually needed, an emergency is hereby declared to exist and this act is therefore declared to be an emergency measure and the same shall be in full force and effect from and after its passage and approval." Laws 1941, chap. 35.

The 1941 Legislative Assembly, also, enacted a retail sales tax law (Laws 1941, chap. 283), which made the following provision for the allocation of revenue "collected or received" under the Act:

"All monies collected and received under this act shall be paid into the State Treasury and shall be credited by the State Treasurer into a special fund to be known as 'The Retail Sales Tax Fund.' Out of this fund the State Treasurer shall first provide for the payment of refunds allowed under this Act. That the net amount of monies remaining in said 'Retail Sales Tax Fund' shall be and shall constitute a special trust fund to be used and disbursed solely for the following purposes:

"(1) That seven-twelfths (7/12) of said trust fund shall be used and disbursed only for the payment of appropriations made pursuant to and for the purposes set forth in the State Equalization Fund Law. That the remaining five-twelfths (5/12) of said trust fund shall be used and disbursed only for the payment of appropriations to be expended by the Public Welfare Board for the purposes authorized by law; provided, however, that appropriations made from the General Fund to be expended by said Public Welfare Board shall constitute and include appropriations from said five-twelfths (5/12) share of said trust fund.

"(2) That the State Treasurer and State Auditor are hereby author-

ized and directed to make monthly transfers of all the amounts available in said trust fund, in the proportions provided herein to the State Equalization Fund and to be expended by said Public Welfare Board as provided by law." Laws 1941, chap. 283, § 5.

The Act further provided that "all monies now in the Retail Sales Tax Fund" created by chapter 249, Laws 1937 and chapter 234, Laws 1939, "or collected pursuant to the provisions of said acts, are hereby appropriated and transferred into the Retail Sales Tax Fund created by this Act, and shall be allocated and used as herein provided." Laws 1941, chap. 283, § 6.

The 1941 Legislative Assembly, also, enacted a law "to provide for the creation of the State Equalization Fund." Laws 1941, chap. 255. Such law "created a fund to be known as the State Equalization Fund," provided for payments in aid to schools for substantially the same purposes as did the Equalization Fund Act of 1939, and specifically repealed the 1939 Act. The 1941 Legislative Assembly, however, made no appropriation for payments to be made under said chapter 255, Laws 1941, so the only funds available for such payments are those which can be made out of the funds allocated under the retail sales tax law of 1941 (Laws 1941, chap. 283) "for the purposes set forth in the State Equalization Fund Law." Laws 1941, chap. 283, § 5.

It will be noted, there is a wide difference between the nature of the appropriations made in 1939 and those made in 1935, 1937, and 1941 to provide funds for payments under the State Equalization Fund laws enacted in those respective years. The 1939 appropriation was a direct and unqualified appropriation "out of any moneys in the State Treasury, not otherwise appropriated" of "the sum of $4,510,000, or so much thereof as may be necessary to make the payments provided for under the State Equalization Fund Law as provided for in Senate Bill No. 237 as passed by the 1939 Session of the legislature for the biennium beginning July 1, 1939, and ending June 30, 1941." The appropriations made in 1935, 1937 and 1941 were out of moneys that had been received from retail sales tax collections and "credited into" the special fund known as "The Retail Sales Tax Fund." Payments under the Equalization Fund Law of 1937 were dependent upon:

(1) Collection of retail sales taxes, and the amount of such collections; and,

(2) Transfer by the State Board of Equalization of moneys from the Retail Sales Tax Fund to the State Equalization Fund.

The amount of moneys that would be available for payments from the State Equalization Fund was uncertain, but could in no event exceed $3,500,000. The provisions of the 1937 State Equalization Fund Law for payments were drawn in light of the nature of the appropriation. The law provided, (1) that there be set aside first, for distribution in each fiscal year on basis of need, $500,000, or so much thereof as may be necessary; (2) that after setting aside such sum, payments be made for nonresident high school tuition; (3) that payments be made for high school correspondence work, not to exceed $65,000 in all; (4) that $20,000 be set aside for expenditures for vocational education; and, (5) that after all such expenditures had been provided for, "the balance remaining in said State Equalization Fund shall be distributed among the Public School Districts and County Agricultural and Training Schools of the State" on a "teacher-unit" basis; but that if such balance should "prove insufficient to make payment in full" to such districts and schools, then "the state auditor shall prorate such balance." §§ 7, 9.

The petition for the writ of mandamus seems to be predicated largely upon the theory that moneys for payments to be made under the 1939 State Equalization Fund Law must have been derived from retail sales tax collections. It appears from the trial court's memorandum opinion that one of the principal points in controversy in the court below was whether certain sales tax collections were or were not available for payments under the 1939 State Equalization Fund Law, and considerable attention was given to this question in the briefs and arguments on this appeal.

In our opinion this question is of no controlling importance here. It is true the 1939 State Equalization Fund Law was to a large extent a re-enactment of the provisions of the 1937 State Equalization Fund Law. That is especially true with respect to the provisions relating to teacher-units—thus the above-quoted provisions relating to payments on the teacher-unit basis were adopted and embodied with little or no change in the 1939 Law. While these provisions (framed as they were in light of the contingent nature of the appropriations made for payments under the 1937 Law) are consistent with the idea that the amount

of the appropriations was uncertain and contingent, they do not alter or change the direct, positive and definite appropriation made in chapter 29, Laws 1939, and in the two subsequent Acts amendatory thereof.

The appropriation made by chapter 29, Laws 1939, was not made out of the proceeds of any one tax. It was not made dependent upon the amount of receipts by the state treasurer from any one source of state revenue. It was a positive, unequivocal appropriation "out of any moneys in the state treasury not otherwise appropriated" of a specific, definite sum for each of the six purposes enumerated in the statute. The initiative measures in no manner changed this. The initiative measure amending said chapter 29 retained the language of chapter 29 without change except as to the amounts appropriated for certain purposes. The initiative measure providing for ear-marking moneys received for retail sales taxes did not change the nature or character of the appropriation in said chapter 29 or make such appropriation contingent upon the amount of retail sales taxes collected. Such initiative measure specifically stated that it was not intended to operate as a repeal of the appropriations made or authorized by said chapter 29. Under the express provisions of our law, one-half of the appropriations made in said chapter 29, Laws 1939, became available July 1st, 1939, and the other one half became available on July 1st, 1940. Laws 1939, chap. 29, § 1; Comp. Laws 1913, § 635.

Payments authorized to be made under the 1939 State Equalization Fund Law "for the school year ending on or about June 1, 1941," and not in excess of the amounts appropriated in said chapter 29, Laws 1939, as amended, are payable without regard to the amount of retail sales taxes that may or may not have been collected. The appropriation made in said chapter 29, did not lapse at the end of the fiscal year, June 30th, 1941, but continued to be available until October 1st, 1941, for payments duly authorized under the 1939 State Equalization Fund Law "for the school year ending on or about June 1, 1941." Comp. Laws 1913, § 1818; Laws 1939, chap. 29.

Judgment affirmed.

BURR, Ch. J., and MORRIS, BURKE, and NUESSLE, JJ., concur.